No. 339

First Circuit

———

GELPI v. WILBERT

———

(November 10, 1928.  Opinion and Decree.)

———

Jos. M. Jones, of New Orleans, attorney for plaintiff, appellee.

Laycock, Borron & Laycock, of Baton Rouge, and Jos. Nicolosi, of Plaquemine, attorneys for defendant, appellant.

LECHE, J.  Plaintiff sues to recover from defendant the sum of five hundred dollars, for services which he rendered in performing a surgical operation on the body of defendant.  The District Judge rendered a judgment on the face of the pleadings, in favor of plaintiff, for two hundred and fifty dollars, leaving a con-test for further adjudication, the balance of plaintiff's demand, the sum of two hundred and fifty dollars.  At the conclusion of the trial, the Judge found in favor of plaintiff, the additional two hundred and fifty dollars and from that judgment defendant has appealed.  It therefore appears that the amount in dispute in this Court, is only two hundred and fifty dollars, and not as stated, through clerical error in the judgment, five hundred dollars.  This is conceded by both counsel.

It is undisputed that plaintiff is a surgeon of high standing and pre-eminent in his profession, and that he has earned a great reputation throughout the country for his skill and ability.  This, we assume, was the reason that prompted defendant to employ him.  Plaintiff resides in New Orleans where he practices his profession, and defendant resides in Plaquemine, in the Parish of Iberville, where the surgical operation was performed.  Plaintiff had previously been called to Plaquemine to perform surgical operations, at various times, and was not an infrequent visitor to Plaquemine, in the practice of his profession, though the record does not show how often he made such visits.  Whether his visit to Plaquemine on the occasion that he operated upon defendant, was solely for that purpose is questioned, but we will assume that it was.  It is well known that Plaquemine is about eighty or ninety miles distant from New Orleans and is accessible by rail and also by graveled highway.

In determining the amount which constitutes fair remuneration for medical services, many factors must be taken into consideration, some of which are the skill and reputation of the physician, the time which he devotes to the case, and the inconvenience and expense to which he may be

subjected. Another important fact to be considered is the amount of the estate and the ability of the patient to pay.

Several physicians testified as experts, that plaintiff's demand, considering his well known skill and reputation as a surgeon, was reasonable and not excessive, but none of them knew anything of defendant's resources and his financial ability to pay.

It appears that although defendant is a descendant of a family reputed to be wealthy, he is married and only earns a salary of one hundred and seventy-five dollars per month, that he lives with his brother, that his board and lodging cost him about eighty dollars per month, that he owns no property of any kind, except an automobile which he bought on time, when he lived with his father now deceased, who did not charge him for board and lodging. Defendant also says, and in this he is corroborated by Molison, bookkeeper and auditor for. A. Wilbert & Sons, that he has no other source of income outside his salary, and is insolvent.

Defendant says that although he made no effort to agree upon a fee with plaintiff, he was led to believe by other physicians that he would not be charged more than three hundred and fifty dollars at most.

Considering the circumstances as shown by the testimony in the record, which we have thus summarized, we think that a fee of three hundred and fifty dollars would be fair to both parties.

It is therefore ordered that the judgment appealed from be reduced from two hundred and fifty to one hundred and fifty dollars, and as thus amended, that it be affirmed, defendant to pay costs of court.